Argued and submitted August 15, reversed and remanded to LUBA with instructions; otherwise affirmed October 30, 2002

MONOGIOS AND CO.,
and Monogios International Company,
a Greek partnership,
*Petitioners,*

*v.*

CITY OF PENDLETON,
*Respondent.*

2002-032; A118602

56 P3d 960

D. Rahn Hostetter argued the cause and filed the brief for petitioners.

Peter H. Wells argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Petitioners seek review of a decision of the Land Use Board of Appeals (LUBA), which sustained some challenges petitioners raised to the City of Pendleton's issuance of a conditional use permit but denied others. Although LUBA remanded to the city to reconsider certain aspects of its permit approval, petitioners now seek review, asserting that LUBA erred in denying their other challenges. As explained below, we reject, without extended discussion, petitioners' arguments on review except for their contention that LUBA erred in determining that the city had adequately addressed the relationship between the proposed use and Pendleton Comprehensive Plan (PCP) Recreation Plan Policy 2. Accordingly, we affirm in part and reverse in part.

At issue is a conditional use permit that the city granted itself, allowing development of land within the Grecian Heights Community Park. The park, which encompasses 15 acres, is located on both sides of Tutuilla Creek, a tributary of the Umatilla River. The permit allows the city to reestablish native vegetation, plant shade trees, construct a footbridge, and make other park-related improvements within 50 feet of the creek's floodway.

Petitioners opposed the proposed development. Ultimately, before LUBA, petitioners raised five assignments of error. LUBA sustained two of those assignments, denied two others, and sustained in part and denied in part the fifth assignment. On review to this court, petitioners raise three assignments of error corresponding to the two assignments that LUBA denied outright and a portion of the third that LUBA denied in part.

We reject without discussion (1) petitioners' first assignment of error, which asserts that the city erroneously granted the conditional use permit without receiving an adequate application; (2) petitioners' third assignment of error, which asserts that the city failed to consider the comparability of other available sites in accordance with zoning ordinance requirements; and (3) those portions of petitioners' second assignment of error that assert that the city failed to adequately address the applicability and requirements of

PCP Recreation Plan Need 5 and Policy 5A. However, for the reasons that follow, we agree with petitioners' assertion, as raised in a portion of their second assignment of error, that LUBA erred in determining that the city had adequately addressed the applicability of PCP Recreation Plan Policy 2 to the proposed development.

Because the property to be developed lies within 50 feet of the floodway of a tributary of the Umatilla River, it is designated as being within the Umatilla River ("U-R") subdistrict. Under Pendleton Zoning Ordinance ("PZO") section 113, if proposed development within the U-R subdistrict meets at least three of six specified criteria, the development must satisfy conditional use requirements. Here, the parties do not dispute that the proposed development satisfied three of the operative criteria, rendering the proposal subject to conditional use requirements.

PZO section 132 provides that a conditional use may be granted only if, *inter alia*, "[t]he proposed use complies with the Comprehensive Plan." Petitioners argued below, and reiterate on review, that, in approving the proposed conditional use, the city erroneously failed to consider the applicability of PCP Recreation Plan Policy 2. That provision states, in part:

"The park classification system and standards for the City of Pendleton shall consist of four types, which are:

"* * * * *

"C. [Community Parks.] Community Parks are to be located and designed to be separated from any other major organized recreational area and equipped to provide major facilities and uses such as softball, baseball, archery, horse shoes, * * * restrooms, etc., for city-wide use within a maximum distance of one mile walking and/or half-hour riding. Minimum size: 30 acres."

Petitioners contend that, because the proposed park is more than one mile from the city center and is less than 30 acres in size (15 acres), the proposed development does not comport

with the "Community Parks" comprehensive plan provision—or, at least, that the city failed to explain how or why it could.

The city responds, as LUBA concluded, that "this proposal for development within 50 feet of the floodway did not convert this proceeding into one for the entire park." Although LUBA deemed that reasoning to be adequate and persuasive,[1] we do not. *See generally Sunnyside Neighborhood v. Clackamas Co. Comm.*, 280 Or 3, 21, 569 P2d 1063 (1977) (meaningful judicial review requires that the local decision maker render adequate findings addressing relevant criteria).

As petitioners contend, there is an innate "circularity"—or, at least, "question-begging" quality—to the city's ostensible explanation as to why PCP Recreation Plan Policy 2 is inapposite to the proposed development. As noted above, it is undisputed that the proposed development is subject to conditional use requirements, including, particularly, that the proposed use must comply with the comprehensive plan. Nothing in this record supports an inference that Grecian Heights Community Park is not a "community park" for purposes of PCP Recreation Plan Policy 2. Finally, we do not understand the parties to dispute that the proposed floodway corridor development is integral to the development of the park as a whole.

Given those facts, the city's response that PCP Recreation Plan Policy 2 is inapposite because the proposed development is of only a portion of the park—*viz.*, the corridor adjacent to the floodway—as opposed to the park as a whole, is inadequate. At oral argument, in response to a question from the bench, counsel for the city appeared to acknowledge that, under the theory the city advanced in this

---

[1] LUBA observed:

"Petitioners do not explain why PCP Recreation Plan Policy 2 applies to a conditional use permit to develop within 50 feet of a floodway. Granted, the proposed improvements are part of the Grecian Heights Community Park development program, but that in itself does not convert a floodway development conditional use permit into a conditional use permit to approve the park itself. PCP Recreation Plan Policy 2 does not apply to the challenged decision, and the city's failure to address the policy in its decision was not error."

case, it might be possible to avoid ever addressing park policies in the comprehensive plan. Under this view, the city might simply make a series of conditional use decisions representing components of the park until the resultant whole became, in fact, a park.

The city's findings offer nothing to answer the question of whether, when, and/or how city comprehensive plan policies regarding parks might apply to the proposed Grecian Heights Community Park. We note again that the city's conditional use requirements call for compliance with the comprehensive plan and that the city believes that at least some plan policies are relevant to this conditional use approval because it addressed them in its findings. With respect to the "Community Park" policy cited by petitioners, there is nothing in the city's findings explaining whether the policy is simply descriptive of a particular variety of park, or whether it is intended to be a substantive criterion that will control approval of some park facilities. The city's findings simply do not offer a basis upon which petitioners or LUBA could come to understand the role played by the comprehensive plan's park policies generally or the "Community Park" policy specifically. If the policy or policies are not applicable now but will become so at a later stage of the park development process, the city is obliged to say so in response to petitioners' challenge.

Given those circumstances, we must conclude that LUBA erred in not requiring the city to address either why the "community park" policy was satisfied or why that policy is not applicable. Consequently, LUBA's remand to the city should direct the city to address the plan policy and its applicability to the proposed development. If the policy applies at some other point in the approval process, that fact should be explained. *Sunnyside Neighborhood*, 280 Or at 21.

Reversed and remanded to LUBA with instruction to remand to city for explanation of applicability of Pendleton Comprehensive Plan Recreation Plan Policy 2 to proposed development; otherwise affirmed.